**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| JEREMY LANE CORNISH,<br><br>         Plaintiff,<br><br>    v.<br><br>UTAH STATE PRISON et al.,<br><br>         Defendants. | Case No. 2:05-CV-705 DAK<br><br>**MEMORANDUM DECISION AND SCREENING ORDER DISMISSING COMPLAINT** |

Plaintiff, Jeremy Lane Cornish, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983.  *See* 42 U.S.C.A. § 1983 (2007).  Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.  *See* 28 *id.* 1915.  This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

### ANALYSIS

#### I. Screening Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief may be granted.  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would

be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

## II. Screening Analysis

### A. Plaintiff's Allegations

Plaintiff alleges that Defendants subjected him to cruel and unusual punishment, in violation of the Eighth Amendment, by changing his diagnosis and prescribing different medications for his headaches and high blood pressure. Plaintiff's Complaint does not identify any specific individuals responsible for Plaintiff's treatment, naming instead only the Utah State Prison (USP), USP "medical staff," and "John and Jane Doe x50." In

addition to his Eighth Amendment claim, Plaintiff also alleges medical malpractice and asserts that USP medical staff were "not qualified to treat [his] serious medical needs." Plaintiff seeks compensatory and punitive damages totaling $1,000,000. He also seeks injunctive relief including transfer to another facility and treatment by an independent medical provider.

**B. Legal Standard for Failure to Provide Medical Care Claims**

In *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' *Greg v. Georgia*, 428 U.S. 153, 96 S. Ct. 2909 (1976), proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 104. "Deliberate indifference involves both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). The objective component is met if the deprivation is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).

The subjective component is met only if a prison official "knows of and disregards an excessive risk to inmate health or

safety." *Farmer*, 511 U.S. at 837. Allegations of mere negligence in diagnosing or treating a medical condition, *Estelle*, 429 U.S. at 105, or "inadvertent failure to provide adequate medical care," *Riddle v. Mondragon*, 83 F.3d 1197, 1203 (10th Cir. 1996), are insufficient to state a claim under the Eighth Amendment. "Delay in [providing] medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." *Sealock*, 218 F.3d at 1210. The Tenth Circuit has held that the "substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 949, 950 (10th Cir. 2001).

### C. Sufficiency of Plaintiff's Complaint

The Court finds that Plaintiff's allegations do not state a viable claim for relief under 42 U.S.C. § 1983. Even assuming that Plaintiff's condition is sufficiently serious to state a constitutional claim, the Complaint does not allege any facts showing that defendants were deliberately indifferent to Plaintiff's medical needs. Plaintiff admits that he was examined by medical staff shortly after his arrival at the prison and that he was prescribed medication for his various ailments. The mere fact that prison medical staff reached a different diagnosis and prescribed different medications than Plaintiff previously received is not sufficient to show deliberate indifference.

"Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Ferranti v. Moran*, 618 F.2d 888, 891 (1st Cir. 1980). While Plaintiff's allegations, if proven, might support a malpractice claim, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

In sum, Plaintiff's allegations show only a difference of opinion regarding the appropriate treatment for his medical condition. It is well established, however, that such a "mere difference of opinion" does not support a claim of cruel and unusual punishment. *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). Thus, the Court concludes that Plaintiff's allegations are insufficient to state a claim on which relief can be granted.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **dismissed** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted. *See* 28 U.S.C.A. § 1915 (West 2007).

DATED this 17th day of October, 2007.

BY THE COURT:

_____
Dale A. Kimball
United States District Judge